NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30189 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:18-cr-00016-TSZ-1 |
| CLYDE LEE MCKNIGHT, AKA Pizza, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted August 17, 2023**
Anchorage, Alaska

Before: MURGUIA, Chief Judge, and PAEZ and NGUYEN, Circuit Judges.

Clyde McKnight was convicted at trial of possessing drugs with the intent to distribute and being a felon in possession of a firearm. McKnight contends that the district court erred by denying his motion to suppress and his motion to reopen his *Franks* hearing. McKnight also challenges the district court's application of a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

four-level aggravating role enhancement at sentencing. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1. The district court properly denied McKnight's motion to suppress. We review the district court's denial of a motion to suppress de novo and its factual findings for clear error. *United States v. Hylton*, 30 F.4th 842, 846 (9th Cir. 2022). The Fourth Amendment requires suppression where the defendant shows, by a preponderance of the evidence, that (1) a warrant affidavit contains a false statement made knowingly and intentionally, or with reckless disregard for the truth; and (2) the "allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978).

The district court did not clearly err in finding that Agent Palermo made no deliberately false statements to secure the warrants, nor did he act in reckless disregard for the truth. McKnight contends that Palermo's affidavit falsely stated that police officers observed McKnight engaging in hand-to-hand transactions, since the officers' written reports did not expressly record any hand-to-hand transactions by McKnight. *See United States v. Baker*, 658 F.3d 1050, 1053 (9th Cir. 2011) (finding it reasonable to infer that police did not see incriminating conduct where police report did not mention incriminating conduct), *overruled on other grounds by United States v. King*, 687 F.3d 1189, 1189 (9th Cir. 2012). But the district court credited Palermo's testimony that police officers reported

2

McKnight's hand-to-hand transactions to him orally. McKnight presents no evidence that undermines the district court's finding that Palermo testified credibly about the hand-to-hand statement. *See United States v. Jordan*, 291 F.3d 1091, 1100 (9th Cir. 2002) ("[We] give great deference to district court findings relating to credibility."). Indeed, Palermo's contemporaneous handwritten notes corroborate his testimony. At best, McKnight has pointed to conflicting evidence as to the hand-to-hand statement. But "[c]lear error is not demonstrated by pointing to conflicting evidence in the record." *United States v. Yi*, 704 F.3d 800, 805 (9th Cir. 2013) (citation omitted).

And even if the statement about hand-to-hand transactions demonstrated an intentional or reckless disregard for the truth, the statement is not material. *See United States v. Ruiz*, 758 F.3d 1144, 1148 (9th Cir. 2014) (holding that an omission or misstatement is material only if the affidavit otherwise fails to establish probable cause). Palermo set forth sufficient additional evidence in his affidavit to establish probable cause for the two challenged warrants, even absent the challenged statement.

2. The district court did not abuse its discretion in denying McKnight's motion to reopen his *Franks* hearing. McKnight contends that, because a deliberate or reckless statement by a government official who is not the affiant can be the basis for suppression under *Franks*, he has the right to examine the police

3

officers whose statements were incorporated into the warrant affidavit. *See United States v. DeLeon*, 979 F.2d 761, 764 (9th Cir. 1992). But the district court never denied McKnight this right. Rather, McKnight himself chose not to call the officers whose statements provided the basis for the warrant affidavit.

Moreover, any error in declining to reopen the *Franks* hearing was harmless. McKnight adduces no evidence that any officer would have contradicted Palermo's testimony. Indeed, the district court solicited declarations from the officers before ruling on the motion to reopen, and the officers' declarations were consistent with Palermo's testimony. Thus, there was no realistic possibility that reopening the hearing would result in suppression.

3. The district court did not err in applying a four-level sentencing enhancement based on McKnight's role as "an organizer or leader of a criminal activity." U.S.S.G. § 3B1.1(a). A preponderance of evidence demonstrates that McKnight "exercised some control over others involved in the commission of the offense or was responsible for organizing others for the purpose of carrying out the crime." *United States v. Ingham*, 486 F.3d 1068, 1074 (9th Cir. 2007) (citation omitted).

Before sentencing, McKnight did not make any factual challenges to the presentence report. The evidence indicates that McKnight profited far more than his fellow co-defendants. *See* U.S.S.G. § 3B1.1 cmt. 4 (explaining that a "claimed

right to a larger share of the fruits of the crime" indicates leadership). And McKnight possessed significantly higher quantities of drugs than his co-defendants—quantities that the government's expert described as "wholesale" or "dealer to another dealer" amounts—indicating that McKnight held a higher position in the drug-trafficking organization. Accordingly, the district court properly applied the aggravating role enhancement.

**AFFIRMED.**